IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 5, 2017 Session

FILED
JAN 2 9 2018
Clerk of the Appellate Courts
Rec'd By _____

**IN RE JOEL B.**

**Appeal from the Juvenile Court for Maury County**
**No. 11-JV-720     Sharon Guffee, Judge**

_____

**No. M2016-01370-COA-R3-JV**

_____

A trial court designated the father of a child born out of wedlock as the primary residential parent and imputed additional income to the mother for purposes of child support after determining she was underemployed. The mother appealed the trial court's judgment. During the pendency of the appeal, dependency and neglect proceedings in the trial court resulted in the child's removal from the father's residence and his placement with the mother in California. The dependency and neglect proceedings rendered moot the mother's challenge of the trial court's designation of the father as the primary residential parent, leaving the imputation of additional income to the mother as the only issue on appeal. Concluding the trial court did not abuse its discretion in allocating additional income to the mother for child support purposes, we affirm that aspect of the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed in Part and Vacated in Part**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Rachel Lorraine Bonano, Knoxville, Tennessee, for the appellant, Keren H. D.

Phyllis Marlene Boshears, Franklin, Tennessee, for the appellee, Joel R. B.

# MEMORANDUM OPINION[1]

Keren H. D. ("Mother") and Joel R. B. ("Father") are the parents of Joel B. ("the Child"), who was born out of wedlock in July 2011. Mother left Tennessee and went to live in California with the child in December 2011. Father filed a petition in December 2011 to establish his paternity and put into place a parenting plan. Both Mother and Father wanted to be designated the primary residential parent. The trial court entered an order on February 3, 2012, establishing Father as the Child's legal and biological Father and adopting a permanent parenting plan in which Father was named the primary residential parent and Mother was awarded eighty days of residential parenting time. Mother was ordered to pay child support to Father in the amount of $200 each month.

The parenting plan was modified over the following few years, and on December 31, 2015, Father filed another petition for a parenting plan to be adopted as well as an order for child support in an effort to collect the support Mother had been ordered to pay but had not, in fact, paid. The trial court held an evidentiary hearing on May 20 and 23, 2016, and entered an order designating Father as the primary residential parent while Mother continued residing in California. The court indicated that if Mother relocated to Tennessee, the parties would be awarded equal parenting time with the Child. Finding Mother was underemployed, the court allocated additional income to Mother and determined that her monthly child support obligation would be $895 per month. The court found this amount "shall be retroactive to the December 31, 2015 filing by Father for a judgment in the amount of $4475.00 payable at $100.00 per month beginning June 1, 2016."

Mother appealed the trial court's judgment. She argued that the trial court erred in designating Father as the primary residential parent and in imputing additional income to her for purposes of calculating her child support obligation. Then, after the parties filed their appellate briefs, but before oral argument took place, Mother filed a motion asking this Court to consider post-judgment facts.[2] This Court filed an order on January 10, 2018, granting the motion and stating:

---

[1] The Court of Appeals Rule 10 is entitled "Memorandum Opinion," and it provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Tennessee Rule of Appellate Procedure 14(a) addresses an appellate court's consideration of post-judgment facts and provides:

> The Supreme Court, Court of Appeals, and Court of Criminal Appeals on its motion or on motion of a party may consider facts concerning the action that occurred after judgment. Consideration of such facts lies in the discretion of the appellate court. While

The appellant has filed a motion to consider post-judgment facts. We grant the motion, that being that an order has gone down in a recent dependent and neglect action in which the child was found to be dependent and neglected in Father's custody. We reserve judgment on how this fact may or may not, and to what extent it will, affect the pending appeal.

The post-judgment facts Mother has asked this Court to consider concern dependency and neglect proceedings in the trial court that culminated in a final order entered on November 15, 2017, placing the Child with Mother. These dependency and neglect proceedings began after entry of the order Mother appealed and were based on two incidents in which Father was arrested for driving under the influence in February and May 2017. The final order states:

> This matter was previously adjudicated on July 19, 2017. At that time, the parties entered an agreement regarding an interim custody order pending the final outcome of the dispositional hearing. Specifically, the parties agreed that the child would be placed in the interim custody of the mother and the father would be allowed supervised visitation and telephone communication through either skype or the phone. Based upon the announcement made in open court, the parties are in agreement that the previous custody order shall become a final order. The parties are in further agreement that should either party wish to modify this Order, they must show a material change of circumstances. . . . Finally, the parties are in agreement that pursuant to the UCCJEA, this court shall relinquish jurisdiction after the child has resided in a foreign jurisdiction for a period of six (6) months or longer.

Based upon the terms of the trial court's final order, Mother is now the Child's primary residential parent and Father is permitted only supervised visitation one weekend per month. The trial court's final order dating from November 2017 renders moot Mother's appeal of the trial court's judgment designating Father as the primary residential parent. The post-judgment facts Mother has asked this Court to consider do not address the trial court's imputation to Mother of additional income for purposes of child support, and Mother does not challenge the trial court's judgment against her for past child support owing as of the time of the hearing in May 2016. As a result, the only issue for this Court to consider at this point is the trial court's imputation to Mother of

---

neither controlling nor fully measuring the court's discretion, consideration generally will extend only to those facts, capable of ready demonstration, affecting the positions of the parties or the subject matter of the action such as mootness, bankruptcy, divorce, death, other judgments or proceedings, relief from the judgment requested or granted in the trial court, and other similar matters. Nothing in this rule shall be construed as a substitute for or limitation on relief from the judgment available under the Tennessee Rules of Civil Procedure or the Post-Conviction Procedure Act.

additional income for purposes of calculating her arrearage and determining the child support she owed beginning on June 1, 2016.[3] With regard to this issue, the trial court wrote:

> [T]he Court finds the Mother is voluntarily underemployed pursuant to the Tennessee Child Support Guidelines based upon Mother's move to a state where she cannot practice law. This was an intentional choice on the part of Mother that has adversely affected her income. The Court has considered Mother's past and present employment and education, training and ability to work. While in Tennessee Mother worked as an attorney. She is bilingual. She was able to take court appointed cases. By her own admission, she testified she had the capacity to be an immigration attorney but she is working as a paralegal making $1890.00 per month. She testified she could not afford to pay child support or come visit the child because of expenses and work but she acknowledged vacations in Palm Springs, Las Vegas and New York.

> According to the Child Support Guidelines, once a parent that has been found to be willfully and/or voluntarily under or unemployed, additional income can be allocated to that parent to increase the parent's gross income to an amount which reflects the parent's income potential or earning capacity and the increased amount shall be used for child support calculation purposes.

> Therefore the Court allocates additional income to Mother for a total monthly amount of $5000.00. Mother's child support obligation shall be $895.00 per month. This amount shall be retroactive to the December 31, 2015 filing by Father for a judgment in the amount of $4475.00 payable at $100.00 per month beginning June 1, 2016.

"Setting child support is a discretionary matter." *Solima v. Solima*, No. M2014-01452-COA-R3-CV, 2015 WL 4594134, at *9 (Tenn. Ct. App. July 30, 2015). Thus, appellate courts are deferential to a trial court's child support decision and apply an abuse of discretion standard of review when a party appeals an award of child support. *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000). Under this standard, we will not substitute our decision for that of the trial court if the evidence supports the award, the trial court applied the appropriate legal principles, and the award is within the range of acceptable alternatives. *Id.*

---

[3]Recognizing that Mother became the Child's primary residential parent sometime in the summer or fall of 2017 as a result of the post-judgment dependency and neglect proceedings, we express no opinion regarding the length of time Mother was required to pay child support to Father.

According to the Tennessee Child Support Guidelines, additional income may be imputed to a parent for child support purposes if a trial court determines that the parent is "willfully and/or voluntarily underemployed or unemployed." TENN. COMP. R. & REGS. 1240-2-4-.04(3)(a)(2)(i)(I). If a court makes this determination, the court may consider the parent's education, training, and ability to work in determining whether to allocate additional income to that parent to reflect the parent's potential or earning capacity, and "the increased amount shall be used for child support calculation purposes." TENN. COMP. R. & REGS. 1240-2-4-.04(3)(a)(2)(ii), (iii); see Luttrell v. Luttrell, No. W2012-02279-COA-R3-CV, 2014 WL 298845, at *12 (Tenn. Ct. App. Jan. 28, 2014) (stating that trial courts have "considerable discretion" in determining whether income should be imputed to a parent for child support purposes).

Mother testified at the hearing on May 20, 2016, that she became licensed to practice law in Tennessee in 2009. Mother practiced law in Tennessee before she relocated to California in 2012. She testified that in 2011 she "had court-appointed cases, and that [she was paid] $45 [per hour] out of court, $50 [per hour] in court." Mother testified that she is not licensed to practice law in California but that she can practice as an immigration attorney there because immigration law involves federal law, not state law. At the time of trial, Mother was employed as a paralegal and was earning about $1,890 per month. She admitted that she could work as an immigration attorney but has chosen to work as a paralegal. In 2015, Mother testified that she worked as a secretary at a law corporation and earned $15 per hour.

Our calculations show that if Mother worked forty hours per week at the rate of $40 per hour, which is less than she earned as a court-appointed attorney in 2011, she would earn over $6,900 per month. We, therefore, conclude that the trial court did not abuse its discretion in (1) concluding Mother was underemployed and (2) allocating additional income to her for a total monthly amount of $5,000 per month for purposes of child support.

We vacate the trial court's judgment designating Father as the Child's primary residential parent and affirm the trial court's judgment imputing additional income to Mother for purposes of calculating child support. The costs of this appeal shall be assessed against Mother and Father equally, for which execution shall issue if necessary.

ANDY D. BENNETT, JUDGE